UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMARDEEP SINGH,<br><br>Plaintiff,<br><br>v.<br><br>FREEHOLD POLICE DEPT., et al.,<br><br>Defendants. | Civil Action No.  21-10451 (FLW)<br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Plaintiff's filing of a motion to dismiss his state court criminal indictment and an Amended Complaint. ECF Nos. 10, 12. The Court previously granted Plaintiff's IFP application, dismissed his Complaint in its entirety without prejudice under the Court's screening authority pursuant to 28 U.S.C. § 1915(e)(2)(B), and provided Plaintiff with leave to amend. *See* ECF No. 7. Plaintiff's claims arise from his arrest in Freehold Township, New Jersey on November 6, 2019, at his place of employment.

The Court begins with Plaintiff's motion to dismiss the state court indictment in connection with his arrest on November 6, 2019. *See* ECF No. 10. Plaintiff's request to enjoin his prosecution is barred by *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention requires federal courts to abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds. *See* 401 U.S. at 40–41. It is well-established that "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).  It also well settled that "a federal court may not issue a writ of mandamus to compel action by a state court or state official." *In re Marchisotto*, 814 F. App'x 725, 726 (3d Cir. 2020).  Because

1

Plaintiff's request that this Court enjoin his prosecution is plainly barred by *Younger*, and the Court also lacks jurisdiction to direct the state court to dismiss the indictment against Plaintiff, the motion to dismiss the indictment is denied, ECF No. 10, and the Court denies Plaintiff leave to renew this request.

Plaintiff has also submitted an Amended Complaint, ECF No. 12, and reraises his claims of false arrest/false imprisonment and ineffective assistance of counsel. Plaintiff also appears to raise state law claims against the individuals who allegedly assaulted him. *See* ECF No. 12, Amended Complaint. Federal law requires the Court to screen Plaintiff's Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff reasserts his false arrest/false imprisonment claim against Defendant Officer White. The elements of a false-arrest claim are (1) that an arrest occurred; and (2) that the arrest was made without probable cause. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). A claim for false imprisonment may be grounded on a "detention pursuant to [an] arrest" made without probable cause. *See id.* at 636. Probable cause exists if "at the moment the arrest was made ... the facts and circumstances within [the defendant's] knowledge and of which [he or she] had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the plaintiff had violated the law. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)); *see also Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). As such, the relevant inquiry is <u>not</u> whether the individual <u>actually committed</u> the crime for which he or she was arrested, but whether the officer had probable cause to believe so at the time of the arrest. *See Groman*, 47 F.3d at 634-35. "The probable

cause standard thus provides individuals protection 'against unreasonable searches and seizures,' U.S. Const. amend. IV, while simultaneously enabling investigating officers to act quickly—before necessarily obtaining evidence sufficient to prove guilt beyond a reasonable doubt—to effect an arrest." *Dempsey v. Bucknell University*, 834 F.3d 457, 467 (3d Cir. 2016). "[T]he [false arrest] standard does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." *Id.* (citing *Wright v. City of Phila.*, 409 F.3d 595, 603 (3d Cir. 2005)). Moreover, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Plaintiff provides the following facts about the circumstances of his arrest: "Plaintiff and his coworker Mr. Shaw while being cared for tried to alert the officer about the surveillance tape while they were being aided and they did nothing. Plaintiff and his coworker Mr. Shaw was informed by K.J. White partner that he knew the assailants that nothing was going to be Mr. Singh's favor." Amended Complaint at 6. K.J. White's partner made this statement again to Plaintiff after Plaintiff was released on bail and brought the surveillance tape to the police station to prove his innocence. *See id.*

These allegations, standing alone, are insufficient to suggest that Officer White lacked probable cause to arrest Plaintiff for his role in the altercation with Patrick Murphy and Johnny Hanrahan. Plaintiff's allegation that Plaintiff and his coworker "tried to alert" an unidentified officer to the surveillance tape is too vague for the Court to find that the Defendant White, the arresting officer, refused to look at or consider readily available evidence that Plaintiff did not commit a crime. Plaintiff also appears to allege that White and/or his unidentified partner had

3

improper motives in making the arrest, i.e., that White and/or his unidentified partner knew the alleged assailants Murphy and/or Hanrahan.  An officer's improper motives do not defeat probable cause where the objective facts show the officer had probable cause to believe plaintiff committed a criminal offense.  *See Taylor v. City of Philadelphia*, 144 F. App'x. 240, 245 (3d Cir. 2005) ("improper motives are irrelevant to the question of whether objective facts available to the detectives at the time reasonably could have led them to conclude Appellant had committed an offense") (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

At this time, the Court will dismiss <u>without prejudice</u> the false arrest claims against Officer White and his unidentified partner.  Plaintiff is provided leave to submit an Amended Complaint[1] against these Defendants within 30 days if he can provide sufficient facts showing that the objective facts available to Officer White and his partner at the time of the offense did not reasonably lead them to conclude that Plaintiff committed an offense.[2]

In the Amended Complaint, Plaintiff also renews his claims against his retained attorney, Mr. Moschella, who took $7500 from Plaintiff and allegedly did not provide him with adequate

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  *Id.*  To be clear, Plaintiff should include in his Second Amended Complaint <u>all facts about the circumstances of his arrest</u> that he wishes the Court to consider.

[2] On February 7, 2022, Plaintiff also submitted a document entitled "Affidavit of Truth," which asserts additional facts about his arrest.  *See* ECF No. 13.  The Court declines to consider this submission as part of Plaintiff's Amended Complaint and hereby notifies Plaintiff that he must submit <u>one all-inclusive Second Amended Complaint</u> and may not add to his Complaint in a piecemeal fashion.

4

representation.  *See* Amended Complaint at 6.  Plaintiff attaches an ethics grievance he filed against this Defendant.  Plaintiff dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.  Neither public defenders nor private attorneys are state actors liable under § 1983 because they are not persons acting under the color of law.  *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) ("[P]ublic defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)) (alteration in original).  Moreover, Plaintiff may not bring an ineffective assistance claim against his counsel under § 1983.  *See, e.g., Introcaso v. Meehan*, 338 F. App'x. 139, 142 (3d Cir. 2009) (explaining that "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983").  As such, the § 1983 claims against Mr. Moschella are dismissed with prejudice.

The remaining claims Plaintiff seeks to bring are state law claims.[3]  Because there are no live federal claims, and Plaintiff has not asserted any alternate basis for federal jurisdiction, the only basis for the Court's jurisdiction is supplemental jurisdiction.  Under 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction.  Where the claims over which the district court had original jurisdiction are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing

---

[3] Plaintiff seeks to bring assault and trespass claims against his alleged assailants, Patrick Murphy and Johnny Hanrahan.  If Plaintiff submits a Second Amended Complaint and alleges a viable false arrest claim, he may reallege the state law claims in the Second Amended Complaint as well.  Plaintiff is always free to file his state law claims in state court.

so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir.1995); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Having dismissed the federal claims at the earliest stage, the Court declines supplemental jurisdiction over any possible state law claims at this time.

**IT IS, THEREFORE**, on this 10th day of May 2022,

**ORDERED** that the Clerk of the Court shall mark this matter as **OPEN**; and it is further

**ORDERED** that the motion to dismiss the Freehold indictment, ECF No. 10, is denied with prejudice for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the federal claims in the Amended Complaint brought pursuant to 42 U.S.C. § 1983 are dismissed in their entirety pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim for relief; and it is further

**ORDERED** that the Sixth Amendment ineffective assistance of counsel claims are dismissed with prejudice as to Nicholas Moschella; and it is further

**ORDERED** that the Fourth Amendment false arrest and false imprisonment claims are dismissed without prejudice as to Officer White and his unidentified partner; and it is further

**ORDERED** that, having dismissed the federal claims, the Court declines supplemental jurisdiction over the state law claims; and it is further

**ORDERED** that Plaintiff may submit a Second Amended Complaint within 30 days as explained in this Memorandum and Order; and it is further

**ORDERED** that if Plaintiff fails to submit an Second Amended Complaint within 30 days, this dismissal will automatically convert to a dismissal with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and **CLOSE** this matter accordingly.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge